IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HOLLY BURNS                                                    PLAINTIFF

          v.              Civil No. 06-5201

FORD MOTOR COMPANY                                             DEFENDANT

O R D E R

Now on this 19th day of September, 2007, comes on for consideration **Defendant Ford Motor Company's Motion For Protective Order** (document #19), and from said motion, the response thereto, and the arguments of counsel in a telephone conference on September 10, 2007, the Court finds and orders as follows:

1.   This is a products liability case.  Plaintiff Holly Burns ("Burns") contends that she was injured in a rollover accident involving a 2004 Mercury Mountaineer designed, manufactured and sold by defendant Ford Motor Company ("Ford"). She further alleges that her injuries are due to defects in the restraint, protection and safety systems of the vehicle.

The parties agree that Ford will be required to produce, during discovery, documents which are confidential and which are entitled to the protection afforded by a discovery stipulation or a protective order, but they have been unable to agree on the terms of a discovery stipulation.

While each side has presented its own proposed protective order, embodying its preferred language, the only real dispute is whether Burns should be prohibited from disclosing Ford's

confidential documents to a consultant -- possibly a testifying expert, possibly only a background consultant -- who is employed by a competitor of Ford.

Ford proposes that before making any such disclosure, Burns should be required to give Ford a copy of the consultant's *curriculum vitae* with the name redacted, and -- if Ford does not consent to the disclosure -- the matter should be presented to the Court so that both sides can be heard on whether the disclosure is appropriate.

Burns objects to the process proposed by Ford, and proposes an *in camera* review so that the Court can predetermine the appropriateness of any disclosure to a consultant employed by a Ford competitor.

2.   Protective orders are governed by **F.R.C.P. 26(c)**, which provides as follows:

> Upon motion by a party . . . from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> *       *       *
>
> (7) that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a designated way . . . .

The parties here have conferred as required, in an effort to

resolve their dispute without Court action, and the Court believes they have done so in good faith.  The Court also believes there is good cause to order some form of protection for Ford's trade secrets and confidential research, development and commercial information, so that such information cannot be misused.

At the same time, the Court is cognizant that, in order to find a witness to testify regarding any defects in Ford's product who is "qualified as an expert by knowledge, skill, experience, training, or education," as required by **F.R.E 702**, it is likely that Burns will have to search the ranks of those who are employed by automobile manufacturers, or the manufacturers of their component parts, and that parties are not ordinarily required to reveal to their opponents the identity of those whom they consult in preparing their cases.

Finally, the Court is of the opinion that the business of the courts is the business of the public, and that such business should be conducted under a cloak of secrecy only in the most limited of circumstances, where public observation would work a serious hardship on the parties.  Thus, any protective order should be narrowly drawn to further the goal of public access to court proceedings.

It is with these considerations in mind that the Court undertakes to determine the appropriate parameters of a protective order in this case.

-3-

3.    A review of the case law reveals that the type of protection sought by Ford in this case is unusual, but not unheard of.   However, of the two proposals for protecting the type of disclosure to which Ford objects, the Court finds plaintiff's to be the better one.  Ford's position is bottomed on an assumption that a consultant employed by a Ford competitor would violate the provisions of a protective order that prohibited him from revealing Ford's secrets to his employer or using them in his work.

The Court recognizes that situations could exist in which a consultant's work would be so closely related to the confidential information that it would be impossible to compartmentalize the two, but it believes such situations are relatively rare.  As to others whose work would not create that type of situation, the Court is unwilling to assume that professionals -- or anyone else, for that matter -- would disregard a court order.  In addition, the Court believes that it will be capable of determining, *in camera*, whether a proposed consultant falls into in one group or the other.

**IT IS THEREFORE ORDERED** that **Defendant Ford Motor Company's Motion For Protective Order** (document #19) is **granted**.

**IT IS FURTHER ORDERED** that the production of documents and the taking of depositions in this case shall be governed by the following restrictions:

a.    To the extent that any discovery request calls for the production of documents[1] which contain *bona fide* trade secret or other confidential research, development, or commercial information, any such document shall be marked on its face in such a way as to indicate that it is considered confidential[2] by the party producing it.    Production of the document under such circumstances will not be deemed a waiver of the confidentiality of the document.

b.    The party receiving a document identified as confidential may disclose that document only to: attorneys representing that party; those of the attorney's employees who are actively participating in the preparation of the case; and professional consultants retained for the purpose of assisting in case preparation or giving testimony at trial.    Persons allowed to review such documents may not disclose the documents or their contents to anyone else, except other persons allowed access to the documents under the terms of this Order.    Before being given access to a document identified as confidential, any recipient must read this Order and agree in writing to be bound by its terms.

c.    Notwithstanding the provisions in ¶(b), should a party

---

[1]This term includes documents in any format or medium.

[2]The Court cautions the parties against reckless use of such designation.  Much of what is considered confidential by parties is not really of such a sensitive nature, and the Court will not view lightly any attempt by a party to complicate this litigation by unduly stretching the category of what is confidential.

wish to disclose a document identified as confidential to a person who is a current employee of any manufacturer of automobiles or their component parts, that party shall first approach the Court, *in camera*, with copies of the documents to be disclosed and the *curriculum vitae* of the person to whom the documents are to be disclosed, and obtain a ruling on whether the documents may be disclosed to that person.

d. This Order does not prevent the use of confidential documents as exhibits at trial, nor does it permit the filing of such documents under seal if they are used in support of pre-trial motions. The use of confidential documents in such situations will be addressed on a case by case basis, if and when the need arises in the course of this matter.

e. Upon the final conclusion of this case, all documents identified as confidential (and all copies thereof) are to be returned to the party producing them -- or destroyed -- by the receiving party.

f. At the time of deposition or within ten (10) days after receipt of a deposition transcript, a party may designate as confidential such portions of any deposition which contain *bona fide* trade secret or other confidential research, development, or commercial information. To the extent such a designation is made, those portions of deposition transcripts will be treated in the same fashion as confidential documents under this Order.

-6-

     g.   The Court will retain jurisdiction over this matter, for a period of two years from the final conclusion of all proceedings herein, for the purpose of enforcement of this Order.

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**