```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

**HOLLY BURNS**                                                      **PLAINTIFF**

       **v.**            **Civil No. 06-5201**

**FORD MOTOR COMPANY**                                               **DEFENDANT**

## O R D E R

Now on this 13th day of February, 2008, comes on for consideration **Plaintiff, Holly Burns', Motion Challenging The Constitutionality Of Ark. Code Ann. §16-55-212(b) And, In The Alternative, The Applicability Of Ark. Code Ann. §16-55-212(b)** (document #76), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiff Holly Burns ("Burns") contends that defendant Ford Motor Company ("Ford") is liable to her for supplying a product in a defective condition, negligence, and violation of the Arkansas Deceptive Trade Practices Act. In Plaintiff's First Amended And Substituted Complaint, she also challenges the constitutionality of the **Arkansas Civil Justice Reform Act of 2003** (the "Act").

Burns specifically challenges the portion of the Act which provides that

> "[a]ny evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible."

**A.C.A. §16-55-212(b).**

Burns contends that **A.C.A. §16-55-212(b)** violates two specific provisions of the Arkansas Constitution, **Amendment 80 §3** and **Article V §32.**

2.  The Arkansas Supreme Court has not yet decided the constitutionality of the Act, and a decision as to its constitutionality is necessary to disposition of the issues raised by Burns in this case.  The situation thus presented places the Court in the position of having to predict how the Arkansas Supreme Court would rule if the constitutional issue were before it.  **Cotton v. Commodore Express, Inc., 459 F.3d 862 (8th Cir. 2006).**  In making that prediction, this Court is bound by previous decisions of the Arkansas Supreme Court, to the extent they bear on the issue presented.  **In re Popkin & Stern, 340 F.3d 709 (8th Cir. 2003).**

The Arkansas Supreme Court has established the following guidelines for evaluating the constitutionality of a statute:

> It is well settled that there is a presumption of validity attending every consideration of a statute's constitutionality;  every act carries a strong presumption of constitutionality, and before an act will be held unconstitutional, the incompatibility between it and the constitution must be clear.  Any doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality.  The heavy burden of demonstrating the unconstitutionality is upon the one attacking it.

**Summerville v. Thrower**, 369 Ark. 231, ---, --- S.W.3d ---, ---,

**2007 WL 766319 (2007)**(internal citations omitted).

3.  Burns' first argument is that the statute offends the separation of powers doctrine and **Amendment 80 §3** because it alters the collateral source rule, and only the Arkansas Supreme Court is empowered to enact rules of practice and procedure for Arkansas courts. **Amendment 80 §3,** enacted in 2001, provides that "[t]he Supreme Court shall prescribe the rules of pleading, practice and procedure for all courts . . . ."

The Arkansas Supreme Court recognized that rules of evidence are "rules of pleading, practice or procedure" when it enacted the Uniform Rules of Evidence in **Ricarte v. State**, **290 Ark. 100, 717 S.W.2d 488 (1986).** The statute in question is, by its terms, a rule of evidence.

Likewise, the collateral source rule is a rule of evidence, one specifically endorsed by the Arkansas Supreme Court although not codified in the **Arkansas Rules of Evidence.** The collateral source rule requires that a trial court

> "exclude evidence of payments received by an injured party from sources 'collateral' to . . . the wrongdoer, such as private insurance or government benefits. . . ." Recoveries from collateral sources "do not redound to the benefit of a tortfeasor, even though double recovery for the same damage by the injured party may result."

**Montgomery Ward & Co., Inc. v. Anderson**, **334 Ark. 561, 564, 976 S.W.2d 382, 384-85 (1998)**(internal citations omitted).

The particular collateral source issue in **Anderson** was one

which would, if it arose today, fall squarely within the parameters of **A.C.A. §16-55-212(b)**. It is also precisely the issue raised by Burns. Mrs. Anderson had negotiated a 50% reduction in her medical bills, and the defendant sought to take advantage of her bargain by keeping out of evidence the full billed amounts. The Arkansas Supreme Court examined the policy underlying the collateral source rule, recognizing that in some situations, it is inevitable that one party or the other - either the plaintiff or the defendant - will benefit from a windfall in a situation like Mrs. Anderson's. It cited **<u>East Texas Motor Freight Lines, Inc. v. Freeman</u>, 289 Ark. 539, 713 S.W.2d 456 (1986),** as follows:

> [w]hether she received the money from her employer or from an insurance policy, she, rather than the alleged tortfeasor, is entitled to the benefit of the collateral source, even though in one sense a double recovery occurs. The law rationalizes that the claimant should benefit from the collateral source recovery rather than the tortfeasor, since the claimant has usually paid an insurance premium or lost sick leave, whereas to the tortfeasor it would be a total windfall.

(Internal citation omitted).

After citing the foregoing passage, the Arkansas Supreme Court reasoned:

> [t]hat statement of policy and the cases cited favor including discounted and gratuitous medical services within the shelter of the collateral source rule. There is no evidence of record showing that Montgomery Ward had anything to do with procuring the discount of Ms. Anderson's bill by UAMS. The rationale of the rule favors her, just as it would had she been compensated by

insurance for which she had arranged.

**334 Ark. at 565, 976 S.W.2d at 384.**

4.   Ford's counter-arguments on this first issue rely heavily on authorities pre-dating **Amendment 80 §3**, which was enacted in 2001.  She cites **White v. City of Newport**, **326 Ark. 667, 933 S.W.2d 800 (1966)** for the proposition that the Arkansas Supreme Court has recognized the legislature's "power to change rules of the common law," and claims that Burns "has cited nothing showing the legislature has lost is power to modify common law." That is not correct.  Burns has cited **Amendment 80 §3**.

Ford also cites a list of Arkansas statutes which purport to exclude various types of evidence, from which it concludes that "plaintiff has failed to meet her burden of showing that the legislature did not have the power to enact the statute."  Many of these statutes were enacted before **Amendment 80 §3,** but even those enacted after that date do not prove Ford's point, which is essentially an argument that because the legislature enacts a statute, it has the power to enact that statute.  If that were the case, the fact that **A.C.A. §16-55-212(b)** was enacted would prove its constitutionality.  This argument is simply not persuasive.

5.   Given the nature of the foregoing authorities, it is clear that **A.C.A. §16-55-212(b)** would, if enforced, work a reversal of the collateral source rule that has been recognized and approved by the Arkansas Supreme Court, yet the Arkansas

Supreme Court did not "prescribe" **A.C.A. §16-55-212(b)**. For this reason, the Court finds that if the Arkansas Supreme Court were considering the constitutionality of **A.C.A. §16-55-212(b)**, it would hold that **A.C.A. §16-55-212(b)** infringes on its constitutional prerogative to prescribe rules of evidence under **Amendment 80 §3**, and is, therefore, unconstitutional.

6. Burns also contends that **A.C.A. §16-55-212(b)** offends **Article V §32** of the Arkansas Constitution, which allows the legislature to enact laws prescribing amounts of compensation under workers' compensation laws, but provides "that otherwise no law shall be enacted limiting the amount to be recovered for injuries resulting in death or for injuries to persons or property."

The arguments on this point are not very succinct. Initially, the Court notes that the parties dispute the applicable standard of review. Burns contends that the statute should be subjected to strict scrutiny because the right to recover full compensation is a fundamental right. Ford argues that the Act is subject to rational basis review because the right to compensation is not a fundamental right. These arguments overlook the fact that the issue is not one of equal protection, which is the type of constitutional claim triggering varying levels of judicial scrutiny based on the "value" of the constitutional right in question. See, e.g., **Pridgeon v. State**, **266 Ark. 651, 587 S.W.2d**

**225 (1979)**(equal protection clause forbids only legislative classifications which represent some form of invidious discrimination; classification not invidious if some rational basis can be found to support it).

Burns also contends that she has an "absolute" right to recover the billed amount of her medical care, regardless of whether she must pay the providers that amount. She does not offer convincing authority for her "absolute right" argument.

Ford, for its part, contends that Burns' recovery is not limited by the Act because she is only entitled to be made whole for her loss, and she has not "lost" the amounts billed but not required to be paid. Ford contends the statute "does not limit the recovery to which plaintiff is entitled. Instead, it simply bars the admission of evidence of . . . medical expenses [plaintiff] would never have to pay."

It is this last argument which persuades the Court that the limitation imposed by **A.C.A. §16-55-212(b)** does, in fact, violate **Article V §32**. The Arkansas Supreme Court has squarely held, as noted in ¶3, *supra*, that a personal injury plaintiff is entitled - assuming a successful showing of liability - to recover the amount of payments made (or written off) on her behalf by a collateral source. Yet **A.C.A. §16-55-212(b)** would prevent her from doing precisely that. For this reason, the Court finds that the Arkansas Supreme Court would, if presented with the issues raised

by the motion now under consideration, find that **A.C.A. §16-55-212(b)** violates **Article V §32** of the Arkansas Constitution.

**IT IS THEREFORE ORDERED** that **A.C.A. §16-55-212(b)** violates **Amendment 80 §3** and **Article V §32** of the Arkansas Constitution, and **Plaintiff, Holly Burns', Motion Challenging The Constitutionality Of Ark. Code Ann. §16-55-212(b) And, In The Alternative, The Applicability Of Ark. Code Ann. §16-55-212(b)** (document #76) is **granted.** Burns will, therefore, be allowed to introduce evidence of the amounts billed to her for medical services necessitated by the injuries which are the subject of her lawsuit, regardless of any discount that she has received on those amounts.

**IT IS SO ORDERED.**

                                                   /s/ Jimm Larry Hendren  
                                                   **JIMM LARRY HENDREN**  
                                                   **UNITED STATES DISTRICT JUDGE**